# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHANE S. STROTMAN, | : | |
| | : | |
| Plaintiff, | : | Civil No. 1:19-CV-0746 |
| | : | |
| v. | : | Judge Sylvia H. Rambo |
| | : | |
| CORRECT CARE SOLUTIONS, | : | |
| | : | |
| Defendant. | : | |

---

## MEMORANDUM

Plaintiffs Shane S. Strotman, an individual housed at the State Correctional

Institution at Huntingdon (SCI-Huntingdon), Pennsylvania, commenced this action

pursuant to 42 U.S.C. § 1983. (Doc. 1-2.) The matter proceeds via an Amended

Complaint. (Doc. 8.) Named as defendants are Pennsylvania Department of

Corrections (DOC) and Secretary John Wetzel.[1] Also named as a defendant is

SCI-Huntingdon's contract medical care provider, Correct Care Solutions

("CCS"), LLC, and Dr. Darrel Petz, a CCS physician.[2] Mr. Strotman asserts an

Eighth Amendment claim of deliberate indifference to a serious medical need and

a state claim of medical professional negligence. (*Id.*)

---

[1] The Court will refer to the DOC and Secretary Wetzel as the Commonwealth Defendants.

[2] The Court will refer to CCS and Dr. Petz as the Medical Defendants.

Presently before the Court is the Commonwealth Defendants' motion to dismiss the Amended Complaint based on Mr. Strotman's failure to allege the personal involvement of Secretary Wetzel who is not a medical professional as well the DOC's immunity from suit. The motion seeks to dismiss all claims asserted against the DOC and Secretary Wetzel. The Medical Defendants filed a partial motion to dismiss seeking to dismiss Mr. Strotman's professional negligence claim due to his failure to file a certificate of merit. The Medical Defendants have filed an Answer to Mr. Strotman's Eighth Amendment medical claim related to Dr. Petz's termination of his Baclofen prescription for his back pain. Mr. Strotman did not oppose either motion or seek an enlargement of time to do so. The motions are ripe for disposition.

For the reasons set forth below, both the Commonwealth Defendants' and the Medical Defendants' motions will be granted. This matter will proceed exclusively on Mr. Strotman's Eighth Amendment medical claim against the Medical Defendants.

## I.     Allegations of the Amended Complaint

Mr. Strotman initiated this action in the Court of Common Pleas of Huntingdon County Pennsylvania in April 2019. The Medical Defendants

removed the matter to this Court in May 2019.  (Doc. 1.)  Mr. Strotman filed an

Amended Complaint in June 2019.  (Doc. 8.)

At all times relevant to this action, Mr. Strotman has been confined at SCI-

Huntingdon.  (Doc. 8 at ¶ 7.)  Since 2012, Mr. Strotman has received Baclofen, a

muscle relaxant, for his chronic and debilitating back pain that causes him

persistent pain and impairs his mobility.  (*Id.* at ¶ 15.)  In July and August 2018,

Dr. Petz adjusted Mr. Strotman's Baclofen script from 20 milligrams thrice daily to

20 milligrams twice daily.  (*Id.* at ¶ 16.)  Shortly thereafter, Mr. Strotman notified

Dr. Petz that the modification was negatively impacting his pain and mobility.  Dr.

Petz stated "I don't care.  You are just going to have to live with it."  (*Id.* at ¶ 17.)

Dr. Petz then discontinued Mr. Strotman's Baclofen script.  (*Id.*)

As of May 2019, all of Mr. Strotman's sick call requests and grievances to

have his Baclofen prescription reinstated have been denied.  (*Id.* at ¶ 19.)  Dr. Petz,

CCS, the DOC and Secretary Wetzel learned of Mr. Strotman's situation through

his repeated sick call requests and grievances.  (*Id.*)

## II.    Motion to Dismiss Standard of Review

A complaint must contain "a short and plain statement of the claim showing

that the pleader is entitled to relief . . ."  Fed. R. Civ. P. 8(a)(2).  It is required to

provide "the defendant fair notice of what the . . . claim is and the grounds upon

which it rests." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). The court will "disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949. According to this standard, a court may dismiss a complaint if it fails to "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)); *see also Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).

The Court is mindful of its duty to liberally construe a *pro se* plaintiff's

filings. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167

L.Ed.2d 1081 (2007) (recognizing "[a] document filed *pro se* is to be liberally

construed" (internal quotation marks omitted)); *see also Garrett v. Wexford*

*Health,* 938 F.3d 69, 92 (3d Cir. 2019) ("a court must make reasonable allowances

to protect pro se litigants from the inadvertent forfeiture of important rights due

merely to their lack of legal training."). Yet, "[d]istrict judges have no obligation

to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225,

231, 124 S.Ct. 2441, 2446, 159 L.Ed.2d 338 (2004). Nonetheless, even a *pro se*

plaintiff "must allege sufficient facts in their complaints to support a claim." *Mala*

*v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

*Pro se* litigants are to be granted leave to file a curative amended complaint even

when a plaintiff does not seek leave to amend, unless such an amendment would be

inequitable or futile. *See Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769

F.3d 850, 861 (3d Cir. 2014). A complaint that sets forth facts which affirmatively

demonstrate that the plaintiff has no right to recover is properly dismissed without

leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir.

2002).

With these principles in mind, the Court sets forth the background to this

litigation, as Plaintiff alleges it in his Amended Complaint.

## III.  Discussion

### A.  Mr. Strotman Fails to State a Claim against the DOC.

Section 1983 provides that persons acting under color of state law may be liable if they deprive an individual of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  *See* 42 U.S.C. § 1983.  To state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *See West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 2254 - 55, 101 L.Ed.2d 40 (1998); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Mr. Strotman names the Pennsylvania DOC as a defendant.  (Doc. 8 at ¶ 10.) However, the Eleventh Amendment's immunity protects the DOC from suit under § 1983 and, in any event, it is not considered a "person" for the purposes of § 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989) ("Section 1983 … does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."); *Foye v. Wexford Health Sources Inc.*, 675 F. App'x 210, 215 (3d Cir. 2017) (state prison and the PA DOC are not persons subject to suit under § 1983); *Pettaway v. SCI Albion*, 487 F. App'x 766, 768 (3d Cir. 2012) ("[A] state agency

6

and the prison it administers, the Department of Corrections and SCI-Albion are not 'persons' and thus cannot be sued under 42 U.S.C. § 1983.") Accordingly, the Court will dismiss all claims against the Pennsylvania DOC with prejudice.

### B.      Mr. Strotman Fails to State an Eighth Amendment Claim against Secretary Wetzel.

Mr. Strotman's Amended Complaint purports to state a claim for deliberate indifference to his medical needs in violation of the Eighth Amendment based on Secretary Wetzel's knowledge of, and acquiescence to, Dr. Petz's discontinuance of his back-pain medication. Secretary Wetzel learned of Mr. Strotman's plight via his many medical request slips and grievances.

The Eighth Amendment prohibits prison officials from being deliberately indifferent to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105-06, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). In the medical context, a plaintiff raising an Eighth Amendment claim "must make (1) a subjective showing that the defendants were deliberately indifferent to [his or her] medical needs and (2) an objective showing that those needs were serious." *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (internal quotations and citations omitted). A medical need is "serious" if "it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Inst.*

*Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotation omitted).

"To act with deliberate indifference to serious medical needs is to recklessly

disregard a substantial risk of serious harm." *Giles v. Kearney*, 571 F.3d 318, 330

(3d Cir. 2009). "Needless suffering resulting from the denial of simple medical

care, which does not serve any penological purpose . . . violates the Eighth

Amendment." *Atkinson v. Taylor*, 316 F.3d 257, 266 (3d Cir. 2003). A prison

official who knows of an inmate's need for medical care and intentionally refuses

to provide it, delays it for non-medical reasons or prevents the prisoner from

receiving needed or recommended treatment, acts with deliberate indifference. *See*

*Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

A finding of deliberate indifference must be based on what an official knew,

rather than what a reasonable person should have known. *See Beers–Capitol v.*

*Whetzel*, 256 F.3d 120, 131 (3d Cir. 2001). A prison official acts with deliberate

indifference to an inmate's serious medical needs when he "knows of and

disregards an excessive risk to inmate health or safety; the official must both be

aware of facts from which the inference could be drawn that a substantial risk of

serious harm exists, and he must also draw the inference." *Farmer v. Brennan,*

511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994).

At the same time, "the deliberate indifference standard affords considerable

latitude to prison medical authorities in the diagnosis and treatment of the medical

problems of inmate patients," and courts must "disavow any attempt to second-guess the propriety or adequacy of [their] particular course of treatment so long as it remains a question of sound professional judgment." *Pearson*, 850 F.3d at 538 (internal citation and quotation marks omitted). A claim that a doctor or medical department was negligent does not rise to the level of an Eighth Amendment violation simply because the patient is a prisoner. *See Estelle*, 429 U.S. at 106, 97 S.Ct. at 292. Where "a prisoner has received some amount of medical treatment, it is difficult to establish deliberate indifference, because prison officials are afforded considerable latitude in the diagnosis and treatment of prisoners." *Palakovic v. Wetzel*, 854 F.3d 209, 227 (3d Cir. 2017) (citing *Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993)). Likewise, a prisoner's disagreement with the medical staff's professional judgment, or a difference of medical opinion between two physicians, does not state an Eighth Amendment claim. *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990). Also, "[i]f a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004). Accordingly, absent a belief or actual knowledge that medical personnel mistreated or failed to treat a prisoner, the non-medical defendants cannot be charged with the Eighth Amendment scienter requirement of deliberate indifference. (*Id.*)

Additionally, a defendant in a civil rights action "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). "[A] government official is liable only for his or her own conduct and accordingly must have had some sort of personal involvement in the alleged unconstitutional conduct." *Argueta v. U.S. Immigration & Customs Enf't*, 643 F.3d 60, 71 (3d Cir. 2011). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1998). A plaintiff may demonstrate the personal involvement of a supervisory defendant by alleging the supervisor "participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004). Claiming that a defendant learned of a constitutional violation after it occurred is insufficient to show that he or she personally directed that violation or had actual knowledge of it at the time it occurred. *See Rode*, 845 F.2d 1208 (the after-the-fact submission of a grievance is "simply insufficient" to establish a defendant's knowledge of an underlying constitutional violation at the time it occurred); *see also Rosa-Diaz v. Dow*, 683 F. App's 103, 107 (3d Cir. 2017) (supervisor's "after-the-fact participation in reviewing grievances or appeals, generally an insufficient basis to establish"

personal involvement).  Alleging a mere hypothesis that an individual defendant

had personal knowledge or involvement in depriving the plaintiff of his rights is

insufficient to establish personal involvement.  *Rode*, 845 F.2d 1208.

It is clear from the allegations of the Amended Complaint that Mr. Strotman

is under the care of medical personnel.  He does not allege Secretary Wetzel is a

medical professional or that he participated in, directed, or interfered with his

receipt of medical treatment.  Mr. Strotman alleges that medical professionals, not

Secretary Wetzel, modified his long-standing Baclofen prescription.  *See Rode,*

845 F.2d at 1207; *Evancho*, 423 F.3d 347, 353 (3d. Cir. 2004).  Additionally, Mr.

Strotman fails to allege that Secretary Wetzel was aware that medical personnel

were mistreating him or failing to treat his serious medical need, his back pain.

*See Parkell v. Danberg,* 833 F.3d 313, 336 (3d Cir. 2016)  In sum, Mr. Strotman

fails to allege any facts that could give rise to an inference that Secretary Wetzel

was personally involved in his medical care or was not justified in deferring to the

professional judgment of the medical professionals treating him.  Accordingly, Mr.

Strotman fails to state an Eighth Amendment medical claim against Secretary

Wetzel.

**C. Mr. Strotman's Professional Negligence Claims are Barred due to his Failure to File a Timely Certificate of Merit.**

Secretary Wetzel, Dr. Petz and CCS seek dismissal of Mr. Strotman's state medical negligence claim, Count II, of the Amended Complaint. Secretary Wetzel, states that as a non-medical professional, Mr. Strotman cannot maintain a medical malpractice claim against him. (Doc. 14.) The Medical Defendants argue for the dismissal of Mr. Strotman's medical malpractice claim based on his failure to provide a Certificate of Merit (COM) on this professional negligence claim, as required by Pennsylvania Rule of Civil Procedure 1042.3. (Doc. 18.) The Medical Defendants sent Mr. Strotman notice of this deficiency on July 3, 2019. (*Id.* at 6.) To date, Mr. Strotman has neither filed a COM nor suggested that medical expert testimony is unnecessary for the prosecution of his claim.

Under Rule 1042.3 of the Pennsylvania Rules of Civil Procedure, plaintiffs seeking to raise medical malpractice claims must file a valid certificate of merit. That rule states in pertinent part:

> (a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either
>
> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in

the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or

(2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or

(3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

…

(d) The court, upon good cause shown, shall extend the time for filing a certificate of merit for a period not to exceed sixty days. A motion to extend the time for filing a certificate of merit must be filed by the thirtieth day after the filing of a notice of intention to enter judgment of non pros on a professional liability claim under Rule 1042.6(a) or on or before the expiration of the extended time where a court has granted a motion to extend the time to file a certificate of merit, whichever is greater. The filing of a motion to extend tolls the period within which a certificate of merit must be filed until the court rules upon the motion.

PA. R. CIV. P. 1042.3(a) and (d). The requirements of Rule 1042.3 are deemed substantive in nature and, therefore, federal courts in Pennsylvania must apply these prerequisites of Pennsylvania law when assessing the merits of a medical malpractice claim. *See Berger v. Hahnemann Univ. Hosp.,* 765 F. App'x 699, 704 (3d Cir. 2019)*; Liggon-Reading v. Estate of Sugarman*, 659 F.3d 258, 262-65 (3d Cir. 2011). This requirement applies with equal force to counseled complaints and

to *pro se* medical malpractice actions brought under state law. *See Hodge v. Dep't of Justice,* 372 F. App'x 264, 267 (3d Cir. 2010) (affirming district court's dismissal of *pro se* plaintiff's medical negligence claim for failure to file a COM); *Baumgardner v. Ebbert*, 535 F. App'x 72, 77 (3d Cir. 2013) (affirming district court's dismissal of plaintiff's counseled medical negligence claim due to his failure to file a COM). The failure to file a COM is fatal to a plaintiff's claim. *See* PA. R. CIV. P. 1042.7. A defendant seeking to dismiss a professional negligence claim for want of a COM must first file written notice of their intent to do so, no sooner than thirty days after the plaintiff's files the complaint. *See* PA. R. CIV. P. 1042.6.

In the instant action, Mr. Strotman was required to file a COM with either an expert opinion that his medical treatment deviated from acceptable medical standards and that the deviation was the proximate cause of his ongoing back discomfort or a statement that expert testimony is unnecessary for his claim to proceed. The Medical Defendants notified him of his obligation to file a supporting COM in support of his professional negligence claim in July 2019. To date, Mr. Strotman neither filed a COM nor requested an extension of time to do so. Likewise, Mr. Strotman has failed to present a reasonable explanation or legitimate excuse for his noncompliance with the COM requirement. Consequently, the Court will dismiss Mr. Strotman's medical malpractice claims against the Medical Defendants without prejudice. *See Booker v. United States*, 366 F. App'x 425, 427 (3d Cir.

14

2010).  However, the Court's dismissal of Mr. Strotman's medical negligence claim as to Secretary Wetzel will be with prejudice.  State prison officials are immune from suit for those actions within the scope of their duties, except in instances which the immunity has been specifically waived.  *See Royster v. Corizon*, Civ. No. 3:13-CV-1449, 2014 WL 1655088, at 8 (M.D. Pa. Apr. 23, 2014) (Pennsylvania's exception to sovereign immunity for medical-professional liability only applicable to health care personnel); *see also Williams v. Syed*, 782 A.2d 1090 (Pa. Cmwlth. 2001) (inmate failed to allege medical malpractice claim against prison superintendent)); *see also* 42 PA. CONST. STAT. ANN. § 8522(b).   Secretary Wetzel, as a non-medical professional is entitled to immunity on Mr. Strotman's the state law professional medical negligence claim.

An appropriate order follows.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: March 5, 2020